UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| SARAH M. MOLLOY and JESSIE R. MOLLOY, individually, and as Father and Natural Guardian of his minor children, P. M. and B. M.,<br><br>Plaintiffs,<br><br>v.<br><br>HAYLEY JONES,<br><br>Defendant. | Case No. 4:16-CV-04110-SLD-JEH |

## ORDER

Before the Court are Plaintiffs' unopposed Motion to Approve Settlement of All Claims and for Creation of a Qualified Settlement Fund, ECF No. 8, and the Plaintiffs' Motion to Seal, ECF No. 9. The parties have settled the dispute; they seek the Court's approval for the creation of a Qualified Settlement Fund and for the Court to retain jurisdiction pending the complete disbursement of settlement funds. For the foregoing reasons, the Motion to Approve the Settlement is DENIED. The Motion to Seal is STRICKEN, to be re-filed in accordance with CDIL-LR 5.10(A)(2).

### I. Motion for Settlement

Plaintiffs have moved, unopposed, for the Court's approval of their (1) settlement, (2) release and indemnity agreement, (3) creation of a qualified settlement fund ("QSF") pursuant to 26 C.F.R. § 1.468B–1, and (4) appointment of James E. Rowland as Administrator-Trustee; and for the Court to (5) retain jurisdiction "over Plaintiffs and the QSF until the QSF disburses all monies pursuant to instructions provided by Plaintiffs." Pls.' Mot. to Approve Settlement 2,

1

ECF No. 8. The Plaintiffs have not explained why their settlement and creation of a trust needs Court approval. Additionally, the Court may not simply retain jurisdiction at the parties' request.

The Treasury Regulation cited by the parties as the basis for requesting approval of the fund explicates only the requirements that a fund must satisfy in order to qualify as such: the fund must be "established pursuant to an order of, or . . . approved by" a federal court, "subject to the continuing jurisdiction of that governmental authority." 26 C.F.R. § 1.468B–1(c)(1). This tautology does not assist the Court in understanding why or how it may exert jurisdiction over the fulfillment of the settlement, or why this particular form of settlement is necessary to the resolution of this matter (as opposed, for instance, to a private settlement agreement requiring the payment of funds in satisfaction of the settlement). Local Rule 7.1(B)(1) requires that motions raising questions of law "must include a memorandum of law . . . and supporting authorities upon which the moving party relies, and identifying the Rule under which the motion is filed." CDIL-LR 7.1(B)(1). Since the Court's ability to retain jurisdiction to oversee a settlement agreement is, indubitably, a question of law, a properly supported motion explaining the basis for that request is necessary.

**II.      Motion to Seal**

Plaintiffs' Motion to Seal, ECF No. 9, is stricken. Local Rule 5.10(A)(2) requires "[a] party who has a legal basis for filing a document under seal without prior court order [to] electronically file a motion for leave to file under seal. The motion must include an explanation of how the document meets the legal standards for filing sealed documents. The document in question may not be attached to the motion as an attachment but rather must be electronically filed contemporaneously using the separate docket event 'Sealed Document.' In the rare event

that the motion itself must be filed under seal, the motion must be electronically filed using the docket event 'Sealed Motion.'"

## CONCLUSION

The Plaintiffs' Motion to Approve Settlement of All Claims and for Creation of a Qualified Settlement Fund, ECF No. 8, is DENIED.  Should the parties again request the Court to approve their (1) settlement, (2) release and indemnity agreement, (3) creation of a qualified settlement fund ("QSF") pursuant to 26 C.F.R. § 1.468B–1, and (4) appointment of James E. Rowland as Administrator-Trustee; and to (5) retain jurisdiction "over Plaintiffs and the QSF until the QSF disburses all monies pursuant to instructions provided by Plaintiffs," they must provide the Court with a properly supported memorandum of law explaining the legal basis for their request.  The Plaintiffs' Motion to Seal, ECF No. 9, is stricken, and if Plaintiffs refile, they must do so in accordance with Local Rule 5.10(A)(2).  Motions submitted in compliance with this order are due by December 5, 2016.

Entered November 15, 2016

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
